UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     v.<br><br>CESAR CABALLERO,<br><br>         Defendant. | No.  2:15-CR-191-JAM<br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant Cesar Caballero ("Caballero") was convicted at a jury trial of violating 18 U.S.C. § 3146(a)(2) ("Section 3146"), failure to surrender for the service of a sentence (Doc. #44). Caballero was sentenced to 75 days in prison and was immediately remanded to serve his sentence (Doc. #62).  Three days later, Caballero filed a notice of appeal (Doc. #60).  Caballero now moves for release pending appeal pursuant to 18 U.S.C. § 3143(b) ("Section 3143") (Doc. #68).  The Government opposes Caballero's motion (Doc. #71).  Because the matter has been thoroughly briefed by the parties, the Court has determined that this motion is suitable for decision without oral argument.  As explained

1

below, the motion is denied.

## II. OPINION

### A. Legal Standard

Pursuant to the Bail Reform Act, a Court shall detain an individual who has been found guilty and sentenced to a term of imprisonment while that person appeals his conviction unless the Court finds "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, or a reduced sentence.  18 U.S.C. § 3143(b)(1)(A)-(B).

### B. Analysis

#### 1. Likelihood of Fleeing or Danger

Caballero argues that he is not likely to flee and not a danger to the community because his most recent convictions were for non-violent offenses and he voluntarily appeared at the sentencing hearing in this case.  The Government concedes that Caballero is not a danger to the community but argues that Caballero has failed to demonstrate by clear and convincing evidence that he is not a flight risk, pointing to his history of disobeying court orders, the circumstances of this conviction, and his criminal history.

At this point, Caballero is not a threat to the safety of his community.  However, the Government is correct that Caballero has failed to demonstrate by clear and convincing evidence that he is not a flight risk.  Caballero is in prison for intentionally failing to appear to serve a prison sentence.

The evidence at trial demonstrated that Caballero knew he was supposed to appear to serve his sentence and simply decided not to show up. The Court's decision to immediately remand Caballero following the sentencing hearing so he could serve the current 75-day sentence reflects the Court's concern regarding Caballero's well documented history of disrespecting and disobeying this Court's orders. For these reasons, the Court finds that Caballero has not demonstrated that he is unlikely to flee. Bail pending appeal is therefore inappropriate pursuant to Section 3143(b)(1)(A).

2. <u>Substantial Questions of Law or Fact</u>

Caballero intends to raise two issues on appeal: (1) ineffective assistance of counsel ("IAC") based on his counsel's faulty advice at trial that Caballero did not have the right to request to testify on surrebuttal and (2) insufficiency of the evidence based on the Government's failure to prove that Caballero was released under the Bail Reform Act. Caballero contends that these are substantial questions of law or fact that would result in a reversal or new trial if resolved in his favor.

Caballero's IAC claim does not raise any substantial question of law or fact that will likely result in a reversal of his conviction, new trial, or reduced sentence. To prevail on his IAC claim, Caballero must prove that his attorney's performance fell below an objective standard of reasonableness and that the attorney's mistake caused him prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Even assuming that Caballero's counsel erred in advising Caballero that he did not have the right to request to testify on surrebuttal, Caballero

3

has not demonstrated that this incorrect advice prejudiced him. The Court would not have permitted Caballero's surrebuttal testimony because it would have been duplicative and prejudicial.

Caballero's sufficiency of the evidence claim similarly fails to raise a substantial question of law or fact that will likely result in a reversal or new trial. Caballero's argument that release pursuant to the Bail Reform Act is an element of a violation of Section 3146(a)(2) was creative but unsupported by case law. Caballero cited several cases in which a violation of Section 3146(a)(1) requires release pursuant to the Bail Reform Act, but Caballero failed to cite any case involving Section 3146(a)(2). And the Ninth Circuit Model Jury Instruction 8.195 lists four elements that must be proved for violations of Section 3146(a)(2). Release pursuant to the Bail Reform Act is not one of the four elements. Caballero's insufficiency of the evidence claim is therefore not a substantial question of law that is likely to result in reversal or a new trial.

### III.   ORDER

For the reasons set forth above, the July 12, 2016 hearing on this motion is vacated and the Court DENIES Defendant's motion for bail pending appeal.

IT IS SO ORDERED.

Dated: July 7, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE